## Case No. 8,945.

### MAGEE v. UNION PAC. R. CO.

[2 Sawy. 447.] [1]

Circuit Court, D. Nevada.  Aug. 4, 1873.

REMOVAL OF CAUSES—PETITION—UNDER LAW OF UNITED STATES—MOTION TO REMAND —WHEN MADE.

1. A suit removed from a state court into the circuit court, upon a petition stating that the defendant has a defense arising under a law of the United States, will be remanded when it appears by the defendant's answer that no such defense is claimed or made.

2. The fact that the corporation is one organized under a law of the United States is not, of itself, enough to give the circuit court jurisdiction.

3. Motion to remand may be made before trial whenever there are no disputed facts, and it clearly appears from the record, as well as the admissions of counsel, that the corporation has no defense arising under a law of the United States.

This action was brought in the state court [by John Magee] to recover damages for personal injuries alleged to have been received by plaintiff's wife, while traveling on defendant's railroad, in the territory of Utah, and was removed to this court by defendant, the petition for removal stating generally, that the defendant had a defense to the action arising under a law of the United States. The defendant is a corporation organized under a law of the United States. The cause having been entered here the defendant filed its answer, alleging that the injuries, if any, were received by plaintiff's wife in Utah; that that territory has competent courts to try the action; that its principal place of business was and is in Boston, Massachusetts, and that, therefore, this court has no jurisdiction. Beyond this the answer contains only apt words to deny negligence and unskillfulness, and to aver the exercise of due care. The act of congress, under which the cause was removed, provides that "any corporation * * other than a banking corporation organized under

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

a law of the United States, and against which an action at law * * may be commenced * * for any alleged liability of such corporation, may have such suit removed * * to the proper circuit court of the United States upon filing a petition therefor, * * * stating that they have a defense arising under or by virtue of the constitution of the United States, or any treaty or law of the United States, and offering good and sufficient surety," etc. 15 Stat. 227. In this state of the law and the record, the plaintiff moved to remand the cause to the state court, upon the ground that it sufficiently appears that the defendant has no defense arising under a law of the United States, it having pleaded none. To this the defendant replied that, being created by and organized under a law of the United States, every defense it may have is one arising under the law which creates it and gives it all its powers.

Mesick & Wood, for plaintiff.
E. Wakeley and Williams & Bixler, for defendant.

Before SAWYER, Circuit Judge, and HILLYER, District Judge.

HILLYER, District Judge. In Mayor v. Cooper, 6 Wall. [73 U. S.] 247, it was said by the supreme court, that "two things are necessary to create jurisdiction, whether original or appellate. The constitution must have given to the court the capacity to take it, and an act of congress must have supplied it." The defendant being a United States corporation, the constitution has given this court the capacity to take jurisdiction of actions to which it is a party. Osborne v. United States Bank, 9 Wheat. [22 U. S.] 738. But it rests with congress to supply it and prescribe the conditions of its exercise. To entitle the defendant to remove a suit, congress has said, in the law now in question, that it shall not only be a corporation organized under a law of the United States, but shall state in its petition that it has a defense arising under or by virtue of a law of the United States. Unless it has such a defense, this case is not properly here. It was said in Cohens v. Virginia, 6 Wheat. [19 U. S.] 264, that a case in law or equity may truly be said to arise under the constitution, or a law of the United States, when its correct decision depends on the construction of either. Following this language, it may be truly said that a defense arises under a law of the United States, when a correct decision upon the merits of the defense depends upon the construction of that law. But it appears in this case, by the admission of counsel, as well as by the record that the defense involves the construction of no law of the United States. A correct decision upon its merits depends entirely upon common law principles, wholly independent of any statute law.

The jurisdiction of this court depends upon the character of the defense, as well as upon the character of the party, and as the defend-

ant has no defense arising under or by virtue of a law of the United States, there is a failure of jurisdiction, and the cause must be remanded to the state court. It was suggested that there was a doubt as to this being the proper stage in the case to determine this question upon motion. There are no disputed facts, and it clearly appears from the admissions of counsel and the record—the answer filed—that this corporation has no defense, as we construe the law, arising under a law of the United States. As the question can never be presented more satisfactorily than now, it would only cause unnecessary delay to postpone the decision of the matter until the trial.

The motion is granted, and an order will be entered, remanding the cause to the court whence it was removed.